IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MAAN ALJIZZANI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:22-cv-01321 (RDA/WEF) |
| MIDDLE EAST BROADCASTING NETWORKS, INC., | ) ) ) ) |
| Defendant. | ) ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Defendant Middle Eastern Broadcasting Networks, Inc.'s ("MBN" or "Defendant") Motion to Dismiss ("Motion") (Dkt. 9). The Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with Defendant's Memorandum in Support (Dkt. 10); Plaintiff's Opposition (Dkt. 11); and Defendant's Reply (Dkt. 12), the Court GRANTS Defendant's Motion to Dismiss for the following reasons.

# I. BACKGROUND

## A. Factual Background[1]

Plaintiff Maan Aljizzani brings one count against his employer, MBN: discrimination against and termination of Plaintiff on the basis of his race and national origin, in violation of Title VII of the Civil Rights Act of 1964.  Dkt. 1 ¶¶ 52-62.

Plaintiff, an Iraqi-American man, was employed as an investigatory journalist by MBN, a non-profit corporation providing Arabic-language news and information.  Dkt. Nos. 1 ¶¶ 3, 12; 10 at 1.  During his employment, Plaintiff received positive performance assessments and multiple awards for his investigative reporting.  Dkt. 1 ¶¶ 20, 23.

In early March 2021, MBN gave verbal warnings to Plaintiff and two other Iraqi journalists, Maan Habib and Steven Nabil, directing them to abstain from posting political content about Iraq on their personal social media accounts.  *Id.* ¶¶ 26-27.  On March 6, 2021, Pope Francis met with Grand Ayatollah Ali al-Sistani in Iraq.  *Id.* ¶ 30.  That same day, Plaintiff tweeted on his personal Twitter account, "the owner of the house was an emaciated ghost, expressionless and emotionless, as if he were sitting upright in spite of his aged body, amid the amazement, astonishment, and pity of the guest!"  *Id.* ¶ 29.  Shortly after the post, Amr El-Kahky, Vice President of Programming, called Plaintiff and told him to delete the tweet.  *Id.* ¶¶ 17, 31.  Plaintiff asked for an explanation and, receiving none, refused to comply.  *Id.* ¶ 32.

Because of Plaintiff's refusal, MBN suspended him.  *Id.* ¶ 33.  On March 9, 2021, in a conference with MBN's Senior Adviser and Senior Human Resource Manager.  Plaintiff again

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

refused to delete the tweet. *Id.* ¶ 34-35. MBN then terminated Plaintiff, citing violations of MBN's Journalistic Code of Ethics ("Code"). *Id.* ¶¶ 36, 51.

Plaintiff alleges that his termination was not based on any violation of the Code but rather on his race and national origin. *Id.* ¶ 56. Plaintiff further claims that, while all journalists—including investigative reporters—are subject to the Code, MBN "selectively and disproportionately applies [the Code] to Iraqi Journalists," using it as pretext to terminate Iraqi journalists. *Id.* ¶¶ 24, 38, 53-54. In support of his argument, Plaintiff alleges that other non-Iraqi investigative reporters have not been reprimanded for violating the Code. *Id.* ¶¶ 37-41. Further, Plaintiff notes that MBN terminated Maan Habib and Steven Nabil in September of 2022, citing violations of the Code as justification. *Id.* ¶¶ 44-45. Plaintiff alleges that non-Iraqi journalists rarely receive reprimands for violating the Code. *Id.* ¶ 48. Finally, Plaintiff points to one journalist of Lebanese descent, Joe Khawly, and alleges that Mr. Khawly frequently tweeted personal political opinions without reprimand or other consequence. *Id.* ¶ 49.

### B. Procedural Background

On August 27, 2021, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 1 ¶ 11. Nearly a year later, the EEOC issued a Dismissal and Notice of Right to Sue. *Id.* On November 18, 2022, Plaintiff filed his Complaint with this Court. Dkt. 1. On February 3, 2023, Defendant timely filed the instant Motion to Dismiss seeking to dismiss the discrimination claim for failure to state a claim. Dkt. 9. Plaintiff filed his Opposition on February 17, 2023. Dkt. 11. Defendant filed its Reply on February 21, 2023. Dkt. 12.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Hall v. Burney*, 454 F. App'x 149, 150 (4th Cir. 2011) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To survive, a complaint must "allege[] sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

At the motion-to-dismiss stage, a plaintiff need not prove his claim, but merely allege sufficient facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A plaintiff's well-pleaded facts are accepted as true and construed in the light most favorable to him. *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 632 n.1 (4th Cir. 2015). In Title VII cases, a plaintiff "is not required to plead facts that constitute a prima facie case." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Still, a plaintiff must meet "the ordinary rules for assessing sufficiency." *Holloway v. Maryland*, 32 F.4th 293, 298-99 (4th Cir. 2022) (citing *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). Additionally, "the court need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009)) (alterations in original).

"Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)). However, in certain circumstances, the Court can consider documents beyond the complaint. *Goldfarb*, 791 F.3d at 508. For example, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

### III. ANALYSIS

A. Motion to Dismiss the Complaint for Failure to State a Claim

Plaintiff's Complaint alleges that he was discriminated against because of his race and national origin in violation of Title VII.[2] Defendant argues that Plaintiff's discrimination claim fails because Plaintiff neither alleges any direct evidence of discrimination nor alleges facts that allow for the reasonable inference that Defendant's other employees are similarly situated to him. Plaintiff does not oppose Defendant's argument that he has not alleged direct evidence of discrimination, and by failing to do so, Plaintiff has conceded that issue. *See, e.g.*, *AB Staffing Sols., LLC v. Asefi Cap., Inc.*, No. 3:22CV32 (DJN), 2022 WL 16555707, at *14 (E.D. Va. Oct. 31, 2022) ("By failing to contest Defendant's Eleventh Amendment argument, Plaintiffs have conceded that issue." (citing *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 728 (E.D. Va. 2012))).

---

[2] While Plaintiff's Complaint and Opposition both mention unlawful termination, Dkt. Nos. 1 ¶¶ 4, 56; 11 at 1, he does not present his termination as a cause of action, but rather as an adverse employment action to support a prima facie case of discrimination. Dkt. 11 at 3-4. Thus, the Court's analysis continues solely under Plaintiff's discrimination claim.

5

Defendant then argues that, because Plaintiff has not alleged any facts regarding his own race or the race of any similarly situated employees, his race discrimination claim must fail.[3] Dkt. 10 at 6-7.  As the Fourth Circuit aptly noted, "[t]rying to draw clear distinctions between someone's ethnicity and national origin can often amount to impossible hairsplitting." *Nnadozie v. Genesis HealthCare Corp.*, 730 F. App'x 151 (4th Cir. 2018).  Nevertheless, Plaintiff solely describes himself as "Iraqi-American" and similarly situated employees as "non-Iraqi", which does not sufficiently support a race discrimination claim.  Dkt. 1 ¶¶ 3, 12, 13, 14, 40, 48; *see e.g.*, *Sarraj v. N. Virginia Elec., Coop.*, No. 1:22-CV-12, 2022 WL 2820553, at *6 (E.D. Va. July 18, 2022) ("[C]omplaints of discrimination based on an "Iraqi background" do not state a claim for race discrimination.") (collecting cases).  As such, this Court finds that Plaintiff's race discrimination claim cannot proceed beyond the motion to dismiss stage, and the Court will focus on Plaintiff's remaining claim for national origin discrimination.

i. The *McDonnell Douglas* Framework

If a plaintiff does not allege direct or circumstantial evidence of discrimination, he can state his claim using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 717 (4th Cir. 2013).  A

---

[3] While Defendant asserts that Plaintiff must plead facts suggesting that he belongs to "one of the five racial (or one ethnic) categories recognized by the federal government" to sustain a race discrimination claim, this Court is unconvinced.  Dkt. 12 at 2.  The EEOC guidance, which both parties rely on, explicitly states "[e]veryone is protected from race and color discrimination . . . whatever their race, color, or ethnicity" and "[r]ace discrimination includes discrimination on the basis of ancestry or physical or cultural characteristics associated with a certain race, such as skin color, hair texture or styles, or certain facial features."  Dkt. 11 at 3; Dkt. 12 at 2; U.S. Equal Emp. Opportunity Comm'n, Questions and Answers about Race and Color Discrimination in Employment (Apr. 19, 2006), EEOC-NVTA-2006-1; *see also Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604 (1987) (holding that Arab ancestry could support a race-discrimination claim under 42 U.S.C. § 1981 even though Arabs were classified as Caucasian).

plaintiff's complaint does not need to establish a prima facie case, but it must still meet the *Iqbal* and *Twombly* pleading standards. *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017).

To state a prima facie case under the *McDonnell Douglas* framework, a plaintiff must allege: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) different treatment from similarly situated employees ("comparators") outside of the plaintiff's protected class. *See Thweatt v. Prince George Cnty. Sch. Bd.*, No. 3:21CV258-HEH, 2021 WL 4046404, at *3 (E.D. Va. Sept. 3, 2021); *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). In its Motion, Defendant concedes that Plaintiff pleaded facts that plausibly satisfy the first three prongs of the analysis. Dkt. 10 at 7. However, Defendant contends that Plaintiff has not sufficiently pleaded facts to satisfy the fourth element— that he was treated differently from comparators outside of his protected class. Dkt. 10 at 7-8.

ii. Similarly Situated Employees or Comparators

Although a plaintiff is not required to identify a comparator to prove a discrimination claim, if he relies on comparator evidence to make his claim, he must show that the alleged comparators are sufficiently similar to himself. *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017) (citing *Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 265 (4th Cir. 2008)). Factors rendering comparators similar include whether they "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct . . . ." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223-24 (4th Cir. 2019) (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)) (alterations in original). At the motion to dismiss stage, a plaintiff need not prove the validity of his comparators, however, he must still allege facts that "'satisfy the elements of a cause of action created by the [relevant] statute' in compliance with *Iqbal*." *Woods*, 855 F.3d at 648 (quoting *McCleary-Evans*, 780 F.3d at 585) (alteration in original).

A plaintiff claiming unlawful discrimination must sufficiently allege facts for a court to reasonably infer that a difference in treatment between the plaintiff and any alleged comparators is attributable to discrimination. *Swaso*, 698 F. App'x at 749. In *Swaso*, a Hispanic, African American teacher brought a discrimination claim against her employer, alleging that she was denied permission to return to work with certain medical restrictions whereas other White, non-teaching employees received permission to work with the same restrictions. *Id.* at 748-49. The Fourth Circuit affirmed the district court's dismissal for failure to state a claim, reasoning that the teacher failed to provide sufficient, factual information about her alleged comparators. *Id.* at 749. Specifically, the teacher's complaint contained no allegations about her non-teaching comparators' positions or job requirements—which would be information necessary to determine if they were similarly situated. *Id.* Thus, the Fourth Circuit concluded that the teacher's "bare allegations [were] insufficient to raise her right to relief above the speculative level." *Id.*

Plaintiff's claim fails for a similar reason. His allegations require this Court to speculate to determine that Defendant terminated him for discriminatory reasons. Plaintiff states conclusively that certain other employees are his comparators. Dkt. 1 ¶¶ 39, 43, 47. However, he "fail[s] to provide any factual enhancement regarding the alleged comparators . . . that would permit [this] [C]ourt to reasonably infer their similarity." *Swaso*, 698 F. App'x at 749.

First, Plaintiff declares that his fellow, non-Iraqi investigative reporters are his comparators. Dkt. 1 ¶¶ 37-41. While he does not specifically allege that these comparators share the same supervisor, this Court can reasonably infer that Hussein El-Razzaz, Chief of MBN's Investigative Unit and Plaintiff's direct supervisor, oversees all investigative reporters. Dkt. 1 ¶ 16. Plaintiff does allege that these investigative journalists are subject to the same standard, Dkt. 1 ¶ 38, however, his conclusory statement that "[n]either of these investigative reporters received

8

reprimands for violating MBN's Journalistic Code of Ethics" requires this Court to speculate that the investigative reporters engaged in the same conduct as Plaintiff. Dkt. 1 ¶ 41. Thus, comparing the lack of discipline of coworkers alone is insufficient to establish a plausible basis for believing national origin was the true basis for Defendant's actions. *See Coleman*, 626 F.3d at 191 (affirming that plaintiff's allegations of disparate discipline lacked support to rise above speculation); *Howard v. Blue Ridge Health Dist.*, No. 3:22-CV-00003, 2023 WL 2541132, at *7 (W.D. Va. Mar. 16, 2023) ("The lack of supporting factual allegations in her complaint renders it impossible to accept Plaintiff's legal argument that she and this unnamed coworker were indeed similarly situated.").

Second, Plaintiff alleges that the Iraqi journalists who received verbal warnings in March 2021, are comparators. Dkt. 1 ¶¶ 42-44. This referenced group fails the *McDonnell Douglas* framework because as Plaintiff is also Iraqi, the other Iraqi journalists are within Plaintiff's protected class. *See Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 719-20 (4th Cir. 2013) (discussing a comparator analysis in depth and noting that comparators must necessarily not share the protected characteristic).

Third, Plaintiff alleges that all other non-Iraqi journalists are comparators. Dkt. 1 ¶¶ 46-48. This comparison is also deficient. Plaintiff notes that Defendant defines journalists as "those individuals who assign, write, report, edit, post, produce and broadcast news . . . , including radio, television and digital media." Dkt. 1 ¶ 25. This all-encompassing definition requires Plaintiff to provide additional facts, such as "positions or job requirements," to lift his claims beyond "bare allegations." *Swaso*, 698 F. App'x at 749. Thus, similar to the claims in *Swaso*, these alleged comparators are insufficient as pleaded.

9

Plaintiff makes a final comparator allegation, stating that Mr. Khawly, a Lebanese journalist, "frequently tweets personal political opinions without reprimand from MBN." Dkt. 1 ¶ 49. This comparison, taken as true, again falls short. Plaintiff makes no allegations about Mr. Khawly's specific job position and role or whether they share the same supervisor. Further, the Code does not hold all journalists to the same standard when giving personal opinions.[4] *See* Dkt. 10-1 at 5 ("The prohibition on [personal opinions] does not apply to persons expressly hired to host opinion programs or to write opinion pieces."). Thus, based on the pleaded facts, this Court would be required to speculate as to whether Mr. Khawly and Plaintiff are similarly situated for purposes of a comparator analysis, and this Court is not required to "fill in the gaps" as to the plausible basis for believing Mr. Khawly was similarly situated or that national origin discrimination was the true basis of the alleged discriminatory behavior. *Bing v. Brivo Sys.*, LLC, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).

Because Plaintiff fails to identify any similarly situated comparators outside of his protected class, he has not sufficiently pleaded a plausible claim of national origin discrimination under the *McDonnell Douglas* framework, and his claim should be dismissed. *See McCleary-Evans*, 780 F.3d at 585.

### B. Request for Leave to Amend

In his Opposition, Plaintiff requests that, if this Court grants Defendant's Motion to Dismiss, Plaintiff be given leave to file an amended complaint. Dkt. 11 at 6. Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend should be given freely "when justice so requires."

---

[4] Although Plaintiff did not attach the Code to his complaint, he frequently referenced and relied on the Code to state his claim and the terms of Plaintiff's employment are integral to his claim, so the Court may consider it. *Goines*, 822 F.3d at 166; *Fuller v. Hade*, No. 122CV218PTGIDD, 2023 WL 2277101, at *2 n.2 (E.D. Va. Feb. 28, 2023); Dkt. 1 ¶¶ 24, 38, 41, 42, 45, 46, 48, 51, 53, 54, 56.

Fed. R. Civ. P. 15(a)(2).  "When justice so requires" is a discretionary determination to be made by the Court, and the Fourth Circuit has interpreted Rule 15(a) to provide that leave to amend can be denied where the amendment would be futile.  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  An amendment is futile where the proposed changes to the complaint would not aid the action in withstanding a motion to dismiss.  *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).  To assess whether an amendment to a complaint would be futile, Plaintiff must provide the Court with the substance of the amendment.  *See Scruggs v. CHW Grp., Inc.*, No. 2:20-cv-48, 2020 WL 9348208, at *12 n.6 (E.D. Va. Nov. 12, 2020) (quoting *Roskam Baking Co., Inc. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002)).

   Plaintiff did not file a proposed amended complaint under Federal Rule of Civil Procedure 15(a)(1)(A) or 15(a)(1)(B).  At this stage, as no proposed amendment has been offered, the Court declines to consider whether granting leave to amend would be appropriate unless and until Plaintiff files a formal Motion to Amend, which must be filed no later than 21 days after the date of this Memorandum Opinion and Order.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 9) is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that if Plaintiff seeks to amend the Complaint (Dkt. 1), Plaintiff must file a Motion to Amend, with a proposed Amended Complaint attached, within 21 days of this Order.

It is SO ORDERED.

Alexandria, Virginia
August 7, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge